Mitchell J. Popham (SBN 126194)
mpopham@lockelord.com
Jamie M. Cheng (SBN 298750)
jamie.cheng@lockelord.com
LOCKE LORD LLP
300 South Grand Avenue, Suite 2600
Los Angeles, California 90071
Telephone: (213) 485-1500
Facsimile: (213) 485-1200

Attorneys for Plaintiff-in-Interpleader
GREAT AMERICAN LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN LIFE INSURANCE COMPANY, a corporation,<br><br>                Plaintiff-in-Interpleader,<br><br>vs.<br><br>SAUNDRA LEE BROWN-KINGSTON, an individual; CHRISTINE LEORA BAILEY, an individual; and DOES 1 through 10, inclusive,<br><br>                Defendants-in-Interpleader. | Case No. 2:18-cv-02783-MCE-KJN<br><br>**ORDER GRANTING GREAT AMERICAN LIFE INSURANCE COMPANY'S MOTION FOR: (1) DISCHARGE AND DISMISSAL OF DISINTERESTED STAKEHOLDER; (2) INJUNCTIVE RELIEF; (3) RECOVERY OF REASONABLE ATTORNEYS' FEES AND COSTS; AND, (4) IMMEDIATE PARTIAL JUDGMENT UNDER FRCP 54(B)**<br><br>**Date:** February 21, 2019<br>**Time:** 2:00 P.M.<br>**Place:** Courtroom 7<br>**Judge:** Morrison C. England, Jr. |

Before the Court is Great American Life Insurance Company's ("GALIC") Motion to discharge itself from all liability and be dismissed with prejudice from the litigation, seek a permanent injunction from future related litigation, recover attorney's fees and costs, and enter immediate partial judgment in favor of GALIC. ECF No. 23. Defendant Christine Leora Bailey filed a statement of non-opposition to GALIC's Motion. ECF No. 25. Because the Court finds GALIC has suitably interpled the litigated funds, the Court GRANTS GALIC's Motion.[1]

## I. BACKGROUND

Michael James MacFarland, the decedent, had a term life insurance policy with GALIC (the "Policy") since 1999. The application for the Policy originally designated Mr. MacFarland's then-wife, "Christine L. MacFarland," as the primary beneficiary. In 2012, Mr. McFarland changed the beneficiary's name to "Christine L. Bailey." In 2016, Mr. McFarland changed the primary beneficiary to "Saundra Lee Brown Kingston," his niece.

Mr. MacFarland died on August 20, 2018, and the death benefits from the Policy became due. Shortly after Mr. MacFarland died, GALIC received a claim for the death benefits from Ms. Brown-Kingston and from Ms. Bailey. Unable to determine the proper beneficiary, GALIC filed this interpleader action against Ms. Brown-Kingston and Ms. Bailey. GALIC has deposited $507,322.33 with the Court, which is the payment amount of the Policy plus unused premiums and interest.

## II. LEGAL STANDARDS

"In an interpleader action, the 'stakeholder' of a sum of money sues all those who might have claim to the money, deposits the money with the district court, and lets the claimants litigate who is entitled to the money." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992). "Procedurally, an interpleader action encompasses two stages. First, the court determines the propriety of interpleading the adverse claimants and relieving the stakeholder from liability. The second stage involves an adjudication of the adverse claims of the defendant claimants." *Metro. Life Ins. Co. v. Billini*, No. 2:06-cv-02918 WBS KJM, 2007 WL 4209405, at *2, (E.D. Cal. Nov. 27,

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

2

ORDER GRANTING MOTION FOR: (1) DISCHARGE OF STAKEHOLDER; (2) INJUNCTIVE RELIEF; (3) RECOVERY OF ATTORNEYS' FEES AND COSTS; AND, (4) PARTIAL JUDGMENT

2007) (internal citations and quotation marks omitted). After determining an interpleader action's appropriateness, a court is entitled to discharge a plaintiff-stakeholder who has no interest in the disputed funds. *Mendez v. Teachers Ins. & Annuity Ass'n and College Retirement Equities Fund*, 982 F.2d 783, 787 (2d Cir. 1992); *Valley Forge Life Ins. Co. v. Dena Hulse*, Case No. C 06–6415 PJH, 2007 WL 2012740, at *2 (N.D. Cal. July 6, 2007). However, "any injunction that is issued only can extend to litigation involving the fund that is the subject matter of the interpleader." *Wash. Elec. Co-op., Inc. v. Paterson, Walke & Pratt, P. C.*, 985 F.2d 677, 680 (2d Cir. 1993) (citations omitted).

## III. ANALYSIS

GALIC seeks (1) to be discharged from all liability and dismissed from the action, (2) an injunction enjoining all claimants from future proceedings related to the Policy and proceeds from the Policy, (3) to be compensated for attorney's fees and costs, and (4) an immediate partial judgment in its favor.

### A. GALIC's Discharge and Dismissal from Action

To determine the complaint's appropriateness, the Court must determine whether it has jurisdiction and whether there is a legitimate fear of multiple litigation. *See Transamerica Life Ins. Co. v. Shubin*, No. 1:11–cv–01958–LJO–SKO, 2012 WL 2839704, at *4-*5 (E.D. Cal. July 10, 2012).

#### 1. The Court has jurisdiction.

According to 28 U.S.C. § 1355, a district court has jurisdiction if the property in question exceeds $500 and if the claimants are diverse as defined in 28 U.S.C. § 1332. GALIC's Complaint establishes diversity jurisdiction as Ms. Brown-Kingston is a citizen of California and Ms. Bailey is a citizen of Hawaii. ECF No. 1. The amount-in-controversy exceeds the threshold because the proceeds from the Policy in dispute is $507,322.33. Thus, the Court has jurisdiction.

#### 2. GALIC has a legitimate fear of multiple litigation.

"Interpleader is appropriate if the stakeholder-plaintiff has a real and reasonable fear of double liability or vexatious, conflicting claims." *Prudential Ins. Co. of Am. v. Wells*, No. C09–0132 BZ, 2009 WL 1457676, at *2 (N.D. Cal. May 21, 2009) (internal citations and quotations omitted).

3

ORDER GRANTING MOTION FOR: (1) DISCHARGE OF STAKEHOLDER; (2) INJUNCTIVE RELIEF; (3) RECOVERY OF ATTORNEYS' FEES AND COSTS; AND, (4) PARTIAL JUDGMENT

Here, GALIC claims were "presented with the real possibility of multiple liability." Both Ms. Brown-Kingston and Ms. Bailey have made claims to Mr. MacFarland's Policy following Mr. MacFarland's death. As such, the Court finds GALIC had a legitimate and reasonable fear of potential conflicting claims and litigation.

Thus, the Court finds the interpleader action is proper because it meets the statutory requirement for diversity and there was a fear of potential multiple litigation and claims.

### 3. GALIC is discharged from liability.

"Once the court determines that an interpleader is proper, it may discharge the stakeholder from further liability." *Transamerica Life Ins. Co.*, 2012 WL 2839704 at *6; *see also Wells Fargo Bank v. PACCAR Fin. Corp.*, No. 1:08–cv–00904 AWI SMS, 2009 WL 211386, at *2 (E.D. Cal. Jan. 28, 2009) (explaining that in a rule interpleader action, "[i]f an interpleading plaintiff has no interest in the stake, the plaintiff should be dismissed"). "A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *OM Financial Life Ins. Co. v. Helton*, No. 2:09-cv-01989 WBS EFB, 2010 WL 3825655, at *3 (E.D. Cal. Sept. 28, 2010) (citations omitted).

GALIC argues it is a disinterested stakeholder who brought this action in good faith, thus should be discharged from liability. *See New York Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 96 (2d Cir. 1983) (holding that a disinterested stakeholder may be discharged unless the action was brought in bad faith). GALIC's only obligation is to pay out the Policy proceeds, which it has deposited with the Court. GALIC has shown no other interests in the litigation or bad faith in initiating the proceedings. Thus, the Court finds discharging GALIC from all liability and dismissing it with prejudice from the case is appropriate.

### B. All Claimants are enjoined from future proceedings against GALIC.

In "any civil action of interpleader" a district court may discharge the interpleading plaintiff from further liability, enjoin the parties from instituting further related actions, and make all other appropriate orders. 28 U.S.C. § 2361; *Sun Life. Assur. Co. of Canada v. Chan's Estate*, No. C-03-2205 SC, 2003 WL 22227881, at * 2 (N.D. Cal. Sept. 22, 2003); *United States v. High Tech. Prods.*,

4

497 F.3d 637 (6th Cir. 2007) ("Plaintiff stakeholder may also request injunctive relief in which the court enjoins pending or future proceedings against it by defendants in any other court."). GALIC brought this interpleader action solely to determine the proper parties to receive the Policy and to avoid potential future multiple claims and litigation. Because the Court finds GALIC is merely a disinterested stakeholder, the Court ENJOINS all defendants and future claimants from any future proceedings against GALIC related to these claims.

### C. GALIC is entitled to recover attorney's fees and costs.

A party "should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). The court exercises its discretion to determine whether the amount of attorney fees requested are reasonable. *See Tr. of Dir. Guild of Am.-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). Generally, an insurer which institutes an interpleader to determine the rights of adverse claimants to policy benefits may recover attorney fees. *See Mass. Mut. Life Ins. Co. v. Morris*, 61 F.2d 104 (9th Cir. 1932).

GALIC seeks $5,000.00 in attorney's fees and $1,023.76 in costs, for a total of $6,023.76. The Court finds GALIC's fees and costs to be reasonable as they were used for initiating the impleader action, effectuating service of process, seeking leave to deposit the interpleader funds, and participating in conferences. Thus, the Court GRANTS GALIC's $6,023.76 request for attorney's fees and costs.

### D. GALIC is entitled to immediate partial judgment in its favor.

The Court may direct the entry of a final judgment as to one or more but fewer than all of the parties in an action upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Fed. R. Civ. P. 54(b). Here, there is no just reason for delay of the entry of a final judgment as to GALIC discharging GALIC from this liability and dismissing it with prejudice from this action, enjoining claimants from pursuing suit against GALIC with respect to the Policy or the Policy Proceeds, and awarding GALIC $6,023.76 in attorney's fees and costs. Therefore, GALIC is entitled to immediate partial judgment.

## IV. CONCLUSION

GALIC's Motion is GRANTED, and GALIC is hereby DISMISSED with prejudice and discharged from this action, an injunction will issue enjoining future suits against GALIC related to this action, and GALIC is awarded $6,023.76 in attorney's fees and costs. The Clerk of Court is directed to pay GALIC's claim for $6,023.76, care of their counsel of record forthwith.

IT IS SO ORDERED.

Dated: May 13, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE